IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROTEGRITY CORPORATION<br>    a Cayman Islands Company,<br><br>Plaintiff,<br><br>v.<br><br>DATAGUISE, INC.<br>    a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.: 3:13-cv-00715-VLB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PROTEGRITY'S MOTION TO JOIN
### PROTEGRITY USA, INC. AS A PARTY-PLAINTIFF

Pursuant to Rule 20(a), Fed.R.Civ.P, Protegrity moves to join Protegrity USA, Inc., Protegrity Corporation's wholly owned subsidiary, as a party-plaintiff to the above-styled action.

### BACKGROUND FACTS

Protegrity filed its original Complaint on May 17, 2013 [Dkt. 1]. Protegrity Corporation ("ProCorp") was the sole named plaintiff because it is the owner of U.S. Patents 8,402,281 and 6,321,201 (the "Patents-in-Suit"), it is the parent company of a number of companies under a common control and management, and it oversees the operations of its subsidiaries. ProCorp does its business through its subsidiaries, and Protegrity USA, Inc. ("PUSA") is the main operating subsidiary of the group. *See* [Dkt. 49-1] at ¶¶3–4.

ProCorp owns the Patents-in-Suit. ProCorp carries out its commercial utilization of its technology and intellectual property through its wholly owned subsidiary PUSA, which sells and offers to sell within and to outside of the United

States the products embodying the Patents-in-Suit. *Id.* at ¶4. With the exception of certain licenses granted in settlement of litigation, PUSA has an exclusive license to use, make, sell, and offer to sell embodiments of the Patents-in-Suit on behalf of its parent company, ProCorp. *Id.* at ¶4. However, ProCorp has retained the right to recover for infringement of the Patents-in-Suit. *Id.* at ¶6. And all profits will flow from PUSA to ProCorp because all sales made by a subsidiary are sales of the consolidated ProCorp. *Id.* at ¶5.

Because all of the sales made by PUSA inexorably flow to ProCorp, because ProCorp retained the right to recover for infringement of the Patents-in-Suit, and because ProCorp is the owner of the Patents-in-Suit, PUSA was not originally named as a party-plaintiff. Protegrity was (and still is) under the good faith belief that ProCorp is the proper plaintiff for this infringement action. However, in abundance of caution, ProCorp is seeking to add PUSA, the exclusive licensee of the Patents-in-Suit, as an additional plaintiff because PUSA is the entity that sells the products embodying the Patents-in-Suit.[1] Hence, PUSA has standing and an interest in this patent infringement claim along with ProCorp.

And because this case is at a relatively early stage in litigation, neither party will suffer undue prejudice from this addition.[2] Defendant has more than sufficient time to prepare and conduct additional discovery, if needed, to address

---

[1] Protegrity waited to move to join PUSA as a party-plaintiff because Defendant's Motion to Dismiss was pending until the Court's recent ruling on September 3, 2014 [Dkt. 56].
[2] Although the Court recently entered an Order transferring the case to the Northern District of California, Protegrity is seeking reconsideration of that Order.

the addition of PUSA as a party-plaintiff.  Thus, the Court should add PUSA as a co-plaintiff to this action.

## MEMORANDUM OF LAW

A.     Legal Standard

Federal Rule 20 allows for the joinder of party plaintiffs, those persons who assert any "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" when there are questions of law of fact common to all plaintiffs. Under the Federal Rules, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 243 (S.D.N.Y. 2012)(citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).  "The purpose of Rule 20 is to promote trial convenience and to expedite the final determination of disputes." *Abraham v. Am. Home Mortgage Servicing, Inc.*, 947 F. Supp. 2d 222, 228 (E.D.N.Y. 2013)(citing *Vanderzalm v. Sechrist Indus., Inc.*, 875 F.Supp.2d 179, 183 (E.D.N.Y.2012)).  Here, PUSA should be joined as a plaintiff because it asserts the same right to relief as ProCorp regarding the same series of transactions and occurrences.

B.     PUSA is a Proper Party to this Litigation as the Exclusive Licensee

The patentee and exclusive licensee regularly need to be named as co-plaintiffs in an infringement action because, although the licensee has standing, the patent owner must be named. *Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007).  In *Morrow,* the court acknowledged the existence of three categories

3

of plaintiffs in connection with standing to sue for patent infringement: "those that can sue in their own name alone; those that can sue as long as the patent owner is joined in the suit; and those that cannot even participate as a party to an infringement suit." *Id.* at 1339.  In the second category, which is the applicable category here, a party has standing to bring an action for patent infringement if the plaintiff holds exclusionary rights and interests to the patent, but not necessarily all substantial rights.  *Id*. at 1340.

Plaintiffs with the exclusionary rights in this second category are frequently described as exclusive licensees, "because the grant of an exclusive license to make, use, or sell the patented invention carries with it the right to prevent others from practicing the invention." *Id.*; *see also Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1018 (Fed. Cir. 2001)(a party can be an exclusive licensee without <u>all</u> substantial rights).  Nonetheless, the right to exclude must be enforced in the name of the patent owner, which patent owner must be a party in order to satisfy prudential standing concerns.  *Morrow*, 499 F.3d at 1340; *see also Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1314 (Fed. Cir. 2005)(patent owner must be joined in any infringement action brought by an exclusive licensee); *Mentor H/S, Inc.*, 240 F.3d at 1018.

As set forth above, ProCorp exclusively licensed the rights to make, use, sell, offer to sell, and import embodiments of the Patents-in-Suit to PUSA while retaining the right to recover for past infringement.  Thus, PUSA holds slightly less than all substantial rights but enough exclusionary rights that it suffered injury in fact by Defendant's infringement; therefore, it can sue as a co-party with

ProCorp.  *See Morrow*, 499 F.3d at 1341.

Further, the fact that ProCorp has provided PUSA something less than all of the substantial rights that go along with the Patents-in-Suit to PUSA confirms that the exclusive license is not a virtual assignment and need not be written. And the law confirms such a structure is appropriate and enforceable.  *See Abbott Labs. V. Diamedix,* 47 F.3d 1128, 1131 (Fed. Cir. 1995).  A license may be oral so long as the grantor provides something less than all of the substantial rights that go along with a patent.  *Id.* (citing *Waterman v. Mackenzie*, 138 U.S. 252 (1891)); *see also Enzo APA & Son, Inc. v. Geapag A.G.,* 134 F.3d 1090, 1093 (Fed. Cir. 1998).  ProCorp, as the patentee of the Patents-in-Suit must be named as a party-plaintiff.  However, PUSA as an exclusive licensee, also has an interest in this patent infringement claim and should be included as a party-plaintiff to this suit.

C.   No Party Will Suffer Prejudice By the Joinder of PUSA

Defendant will not suffer any prejudice with the joinder of PUSA as a party-plaintiff because this case is at a relatively early stage in litigation and courts favor joinder of parties at an "early stage" of litigation.  *Mclean v. CVS Pharmacy, Inc.*, 2010 WL 3827940 (D. Conn. Sept. 21, 2010); *see also Kracker v. Spartan Chem. Co., Inc.,* 1988 WL 108489 (S.D.N.Y. Oct. 12, 1988).  Here, the parties have only engaged in limited jurisdictional discovery, no merits-based depositions have been noticed, and the litigation is just beginning; therefore, there is no prejudice from an order granting the motion to join PUSA.  *See Barnhart v. Town of Parma*, 252 F.R.D. 156, 161 (W.D.N.Y. 2008)(finding no evidence of prejudice at

an early stage of litigation and discovery).  Thus, the Court should add PUSA as a co-plaintiff to this action.

## CONCLUSION

For the foregoing reasons, the Court should grant Protegrity's Motion to Join Protegrity USA, Inc. as a party-plaintiff in the above-styled action.

Date: September 17, 2014

*/s/ Woodrow Pollack*
Stefan V. Stein, ct29408
Florida Bar No. 300527
Woodrow H. Pollack, ct29409
Florida Bar No. 026802
Gray Robinson, P.A.
401 E. Jackson Street.
Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 fax
stefan.stein@gray-robinson.com
woodrow.pollack@gray-robinson.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2014, a true and accurate copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack